CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Chris Carson, Esq., SBN 280048
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Tel: (858) 375-7385
Fax: (888) 422-5191
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Oziell Sawyer III**,<br><br>      Plaintiff,<br><br>v.<br><br>**City of Oakland;** and Does 1-10,<br><br>      Defendants. | Case No.<br><br>**Complaint for Injunctive Relief and Damages for Violations of:**<br><br>1. Title II of the Americans with Disabilities Act, 42 U.S.C. §12132 *et seq*.; and<br>2. California's Disabled Persons Act, Cal. Civ. Code § 54.1 *et seq*. |

## INTRODUCTION

1. Plaintiff Oziell Sawyer III ("Plaintiff") brings the instant action to enjoin Defendant City of Oakland and Does 1-10, (collectively "Defendants") from discriminating against him on the basis of his disability in the operation of its sidewalks and curbs in violation of federal and state anti-discrimination statutes.

Complaint

2. Plaintiff alleges that Defendants have failed to ensure that its sidewalks and curbs are accessible to and usable by him, as an individual with disabilities.

3. Plaintiff also alleges that Defendants have failed to comply with its obligation to cut curbs when constructing and/or altering streets.

4. Finally, Plaintiff alleges that Defendants have failed and refused to grant his request that they cut curbs in his community as a reasonable modification for his disabilities.

5. As a direct and proximate result of the City's discriminatory acts and omissions, Plaintiff has been and will continue to be denied full and equal access to the City's service programs, activities, and to his local community, all to his damage.

6. Through this lawsuit, Plaintiff seeks an injunction compelling Defendants to undertake the steps required to provide him full and equal access to the sidewalks in his community as required by law.

7. Plaintiff also seeks damages and reasonable attorneys' fees, costs and litigation expenses for enforcing his civil rights.

**JURISDICTION & VENUE**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

9. Pursuant to pendent jurisdiction, an attendant and related cause of action arising from the same facts is also brought under the Disabled Persons Act, Cal. Civ. Code § 54 *et seq.*, which expressly incorporates the ADA. Cal. Civ. Code § 54(c).

10. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which are the subject of this action

is located in this district and that Plaintiff's causes of action arose in this district.

## PARTIES

11. Plaintiff Oziell Sawyer III is, and at all times relevant herein was, an individual and resident of California.

12. Defendant City of Oakland ("City") is, and at all times relevant herein was, a municipal corporation and political subdivision of the State of California.

13. Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

14. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

Complaint

## FACTUAL ALLEGATIONS

15. At all times relevant herein, the City owned the public sidewalks and curbs in the City of Oakland, including the sidewalks and curbs in the neighborhood of Havenscourt.

16. At all times relevant herein, the City operated the public sidewalks and curbs in the City of Oakland, including the sidewalks and curbs in Havenscourt.

17. At all times relevant herein, the City was responsible for the maintenance of the public sidewalks and curbs in the City of Oakland, including the sidewalks and curbs in Havenscourt.

18. At all times relevant herein, the City owned, operated and/or maintained the public sidewalks and curbs on Avenal Avenue between Havenscourt Boulevard and Church Street.

19. At all times relevant herein, the City owned, operated and/or maintained the public sidewalks and curbs on Avenal Avenue between Havenscourt Boulevard and Church Street.

20. At all times relevant herein, the City owned, operated and/or maintained the public sidewalks and curbs on Flora Street between Havenscourt Boulevard and Church Street.

21. At all times relevant herein, the City owned, operated and/or maintained the public sidewalks and curbs on Havenscourt Boulevard between Flora Street and Avenal Avenue.

22. At all times relevant herein, the City owned, operated and/or maintained the public sidewalks and curbs on 67th Avenue between Flora Street and Avenal Avenue.

23. At all times relevant herein, the City owned, operated and/or maintained the public sidewalks and curbs on 68th Avenue between Flora Street and Avenal Avenue.

24. At all times relevant herein, the City owned, operated and/or maintained the public sidewalks and curbs on Church Street between Flora Street and Avenal Avenue.

25. Plaintiff resides on the 2100 block of Havenscourt Boulevard in the neighborhood of Havenscourt in the City of Oakland, California.

26. Plaintiff has physical impairments resulting from a trauma to his spine. Plaintiff has paralysis that significantly limits his mobility.

27. Plaintiff cannot walk and utilizes a wheelchair for mobility.

28. In order for Plaintiff to have full and equal access to and use of public sidewalks and curbs, those facilities must be constructed in compliance with federal and state accessibility standards.

29. Plaintiff frequents the Church Street Market ("Market") located at 1854 Church Street in the neighborhood of Havenscourt in the City of Oakland, California several times a month to shop for necessities.

30. When Plaintiff visits the Market, he travels by wheelchair, as the Market is conveniently located within one-third of a mile from his home.

31. When Plaintiff visits the Market, he travels by wheelchair, as he does not have a car.

32. When Plaintiff visits the Market, he travels by wheelchair, as there is no public transportation serving the location.

33. Whenever Plaintiff travels to the Market, or anywhere in Havenscourt, he personally encounters accessibility barriers to the sidewalks and curbs, most notably the lack of curb ramps at intersections.

34. There is no wheelchair accessible way to get from Plaintiff's home on the 2100 block of Havenscourt Boulevard and the Market without encountering multiple uncut curbs and inaccessible conditions.

35. The uncut curbs and inaccessible conditions encountered by Plaintiff include:

Complaint

   a. Uncut curbs at the southeast, southwest and northwest corners of the intersection of Avenal Avenue and 67th Avenue;
   b. Uncut curbs at all four corners of the intersection of Avenal Avenue and 68th Street;
   c. Uncut curbs at the only two corners of the intersection of Avenal Avenue and Church Street;
   d. No way to access the strip of sidewalk fronting the Market due to broken pavement and gravel, a lack of curbs and a lack of connecting sidewalks on the south side of Church Street, across from the intersection of Avenal Avenue and Church Street;
   e. Uncut curbs at the only two corners of the intersection of Flora Street and Havenscourt Boulevard;
   f. Uncut curbs at the only two corners of the intersection of the intersection of Flora Street and 67th Avenue;
   g. Transitions at the only two corners of the intersection of Flora Street and 68th Avenue that lack smooth transitions due to excessive lips and ill-maintained concrete; and
   h. Uncut curbs at the only two corners of the intersection of Flora Street and Church Street.

Collectively, these shall be referred to herein as 'the Barriers."

36. On multiple dates in the past six months, including June 28 and 30, 2019; July 2, 4, 7, 11, 16, 19, 27 and 30, 2019; August 2, 4, 12, 13, 20, 25, 28 and 31, 2019; and September 6, 7 and 8, 2019, Plaintiff personally encountered the Barriers.

Complaint

37. The Barriers have caused, and continue to cause Plaintiff to experience difficulty, discomfort, embarrassment, anxiety, fear, risk of harm and inconvenience.

38. Among other things, the Barriers force Plaintiff to use steep driveways to enter and exit the sidewalk and to ride his wheelchair in the street along fast-moving vehicles in order to reach the Market and move around freely in his neighborhood of Havenscourt.

39. Plaintiff has also had to rely on assistance from others to get to the Market and other places in Havenscourt. Plaintiff has had to ask people to lift his wheelchair on and off the sidewalk due to the absence of curb ramps.

40. On multiple additional dates in the past six months, Plaintiff was deterred from using the sidewalks in Havenscourt and visiting the Market due to the Barriers.

41. To this day Plaintiff continues to be deterred from using the sidewalks in Havenscourt and visiting the Market due to the Barriers.

42. The Barriers continue to exist as of the filing of this Complaint.

43. Plaintiff and his mother have complained to the City representatives about the Barriers to no avail.

44. On July 18, 2019, Plaintiff submitted a formal written request through the City's curb and sidewalk repair program for the curbs along Avenal Avenue to be cut so that he could reach the Market. Plaintiff noted in his request that there was no accessible route to the Market.

45. Plaintiff received confirmation from the City that his request was received, however the City has failed and/or refused to respond to or act on the request.

46. On information and belief, there are additional access barriers on the sidewalks and curbs in Havenscourt which, unless removed and/or modified, will prevent and deter Plaintiff from visiting the Market and moving

Complaint

freely in his home community. Plaintiff will seek to amend his Complaint once these additional barriers are identified through a noticed site inspection.

47. On information and belief, the sidewalks and curbs in Havenscourt have undergone construction and/or alteration since January 1, 1982, triggering applicability of California accessibility standards, California Code of Regulations, Title 24. Plaintiff is informed and believes, and on that basis alleges that Defendants have failed to comply with these standards.

48. On information and belief, the sidewalks and curbs in Havenscourt have undergone construction and/or alterations since January 26, 1992 triggering applicability of ADA Standards for Accessible Design (36 C.F.R. pt. 1191, appxs. B and D; 28 C.F.R. pt. 36, subpart D). Plaintiff is informed and believes, and on that basis alleges, that Defendants have failed to comply with these standards.

49. Plaintiff plans and needs to access and use the sidewalks and curbs in Havenscourt as they provide access to public accommodations and goods and services in his community.

50. Until the above-described accessibility barriers are removed, Plaintiff will continue to be denied full and equal access to the sidewalks and curbs in Havenscourt, and will continue to suffer ongoing discrimination and damage as a result.

51. The nature of Defendants' discrimination is ongoing and continuous. Unless enjoined by this Court, Plaintiff will suffer ongoing and irreparable injury.

52. Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct, will not afford adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of Plaintiff's civil rights as herein alleged. Accordingly, Plaintiff is entitled to injunctive relief.

Complaint

**GOVERNMENT CLAIM FILED**

*(With regard to claims for damages under California State Law)*

53. Plaintiff timely filed a claim pursuant to § 910 et seq. of the California Government Code with the City on or about September 13, 2019.

54. As part of Plaintiff's claim, he requested that the Defendants remedy the accessibility barriers to the sidewalks and curbs in Havenscourt described herein.

55. The City has failed and refused to respond to or act on Plaintiff's claim. The claim is deemed rejected by the City as a matter of law.

**FIRST CAUSE OF ACTION**

**Title II of the Americans with Disabilities Act**

**42 U.S.C. §12132 *et seq*.**

56. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

57. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

58. Plaintiff is, and at all times relevant herein was, a person with a "disability" within the meaning of the ADA. 42 U.S.C. § 12102.

59. The City is a public entity as defined by the laws of the State of California and has fifty (50) or more employees.

60. The City is, and at all times relevant herein was, a public entity within the meaning of Title II of the ADA. 42 U.S.C. § 12131(1).

61. Provision and maintenance of the sidewalks and curbs in Havenscourt are a program, service, and/or activity of the City.

Complaint

62. As a member of the public, Plaintiff meets the essential eligibility requirements for the use of the City's public rights-of-way, including the sidewalks and curbs in Havenscourt. Accordingly, Plaintiff is, and at all times relevant herein was, a "qualified individual with a disability" within the meaning of Title II of the ADA. 42 U.S.C. § 12131(2).

63. Defendants' acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit and use of the sidewalks and curbs in Havenscourt in violation of Title II and its implementing regulations. Defendants' discriminatory conduct includes, *inter alia*:

   a. Failing to operate the sidewalks and curbs so that they are "readily accessible to and usable by individuals with disabilities" (28 C.F.R. § 35.150(a));

   b. Failing to design, construct and/or alter the sidewalks and curbs in a manner such that they are readily accessible to and usable by individuals with disabilities, when the construction/alteration was commenced after January 26, 1992 (28 C.F.R. § 35.151);

   c. Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public, on the basis of his disabilities (28 C.F.R. § 35.130(b)(1)(i));

   d. Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public that is not equal to that afforded his non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));

   e. Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others

receiving its aids, benefits, or services (28 C.F.R. § 35.130(b)(1)(vii)); and

    f. Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of his disability (28 C.F.R. § 35.130(b)(3)(i)).

64. Under Title II of the ADA Defendants were required to conduct a self-evaluation of its services, policies, and practices, and the effects thereof, by no later than January 26, 1993. 28 C.F.R. § 35.105(a). On information and belief, as of the date of the filing of this Complaint, Defendants have failed to conduct a self-evaluation of the sidewalks and curbs in Havenscourt.

65. Under Title II of the ADA Defendants were required to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the programs at the Sidewalks within six months of January 26, 1992. 28 C.F.R. § 35.150(d)(1).

66. On information and belief, as of the date of the filing of this Complaint, Defendants have failed to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the sidewalks and curbs in Havenscourt.

67. Under Title II of the ADA, "[i]f a public entity has responsibility or authority over streets, roads, or walkways, its transition plan shall include a schedule for providing curb ramps or other sloped areas where pedestrian walks cross curbs, giving priority to walkways serving entities covered by the Act, including State and local government offices and facilities, transportation, places of public accommodation, and employers, followed by walkways serving other areas." 28 C.F.R. § 35.150(d)(2).

68. On information and belief, as of the date of the filing of this Complaint, Defendants have failed to develop a curb ramp schedule.

69. Under Title II of the ADA Defendants were required to remove

Complaint

physical barriers that limit or deny people with disabilities access to its services, programs and activities by no later than January 26, 1995. 28 C.F.R. § 35.150(c).

70. On information and belief, Defendants have failed, since the ADA was enacted and every year thereafter, to take appropriate measures to remove barriers to the sidewalks and curbs in Havenscourt.

71. Under Title II of the ADA, Defendants were required to provide curb ramps when streets or roads are altered through resurfacing. *See* 28 C.F.R. § 35.151(i)(1) (Newly constructed or altered streets, roads, and highways must contain curb ramps or other sloped areas at any intersection having curbs or other barriers to entry from a street level pedestrian walkway) and § 35.151(i)(2) (Newly constructed or altered street level pedestrian walkways must contain curb ramps or other sloped areas at intersections to streets, roads, or highways).

72. On information and belief, Defendants have altered the streets in Havenscourt through resurfacing since January 26, 1992 and have failed to provide curb ramps concurrent with that alteration.

73. Title II of the ADA requires public entities to undertake barrier removal as a "reasonable modification" in response to a request by, or on behalf of, someone with a disability. 28 C.F.R. § 35.130(b)(7).

74. Defendant has violated the ADA by refusing to undertake barrier removal (i.e., cutting the Curbs) as a "reasonable modification" in response to multiple requests by Plaintiff.

75. Defendants' duties under Title II of the ADA pertaining to the accessibility of the sidewalks and curbs in Havenscourt are mandatory and long-established. Defendants had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was a willful and knowing decision and choice, and/or the product of deliberate

indifference.

76. Defendants were provided actual notice of the barriers to the sidewalks and curbs in Havenscourt; the impact those barriers have on Plaintiff; and their duty to remove such barriers under Title II of the ADA. Despite this notice, Defendants failed and refused to take any steps to remove the barriers or otherwise address Plaintiff's concerns. Defendants' failures in this regard constitute deliberate indifference.

77. Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### California Disabled Persons Act
### California Civil Code § 54 *et seq*.
### (**Statutory Damages and Attorneys' Fees Only**)

78. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

79. The California Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, . . . and other public places." Cal. Civ. Code §54 (a).

80. The CDPA also provides that a violation of the ADA is a violation of the CDPA. Cal. Civ. Code, § 54(c).

81. Any person or persons, firm, or corporation who denies or interferes with an individual's rights under Section 54 or 54.1 is liable for each offense. Cal. Civ. Code §54.3(a).

82. The sidewalks and curbs in Havenscourt are sidewalks, walkways, and/or public places as contemplated by the CDPA.

Complaint

83. As the public entity that owns, operates, controls and/or maintains the sidewalks and curbs in Havenscourt, the City is obligated to comply with the provisions of the CDPA.

84. The City is a person subject to California Civil Code section 54.3.

85. The City is a municipal corporation subject to California Civil Code section 54.3.

86. Plaintiff is an individual with a physical disability within the meaning of California Government Code Section 12926(m).

87. Defendants' acts and omissions, as herein alleged, have violated the CDPA by denying Plaintiff full and free use of the sidewalks and Curbs.

88. Defendants' acts and omissions, as herein alleged, have also violated the CDPA by denying Plaintiff's rights to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

89. Defendants' duties under the CDPA are mandatory and long-established. Defendants are deemed to have had notice of their duties at all times relevant herein yet failed and refused to take any steps to remove the barriers to the sidewalks and curbs in Havenscourt. Treble damages are warranted.

90. Defendants were also provided actual notice of the barriers to the sidewalks and curbs in Havenscourt; the impact those barriers have had on Plaintiff's access to and use of the sidewalks and curbs; and their duty to remove such barriers under the CDPA. Despite this actual notice, Defendants failed and refused to take any steps to remove the barriers to the sidewalks and curbs. Defendants' failures in this regard were willful and knowing and constitutes deliberate indifference, warranting an award of treble damages.

91. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees

Complaint

under Cal. Civ. Code § 54.3(a). *Note*: *Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the CDPA.*

## PRAYER

THEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor against Defendants and award the following relief:

1. Issue an injunction pursuant to the ADA ordering Defendants to:
    a. Take the steps necessary to bring the Sidewalks into compliance with applicable federal and state accessibility standards and make them fully and equally accessible to and usable by individuals with mobility disabilities; and
    b. Modify their policies to ensure compliance with new construction and alteration standards and program accessibility obligations moving forward.
2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;
3. Award Plaintiff attorneys' fees, litigation expenses, and costs of suit, as provided by law; and
4. Award such other and further relief as the Court deems just and proper.

Dated: November 7, 2019                    Center for Disability Access

By:_____
Amanda Seabock, Esq.
Attorneys for Plaintiff

Complaint